OPINION JOURNAL ENTRY
On June 12, 2001 Petitioner field a Petition for Writ of Habeas Corpus with this Court alleging that he is wrongfully incarcerated by Respondent. Specifically, he is alleging that he has served over the maximum of his combined sentences and is requesting a hearing before this Court.
On August 22, 2001, Respondent filed a Motion to Dismiss. Respondent contends that Petitioner is not entitled to the relief prayed for inasmuch as his continuing convictions and parole violations have extended his maximum sentence expiration date. Attached to the Respondent's motion to dismiss is an affidavit of Pamela Rudolph, North Regional Assistant Chief at the Bureau of Sentence Computation, Ohio Department of Rehabilitation and Correction.
On September 24, 2001, this Court converted the Civ.R. 12(B)(6) motion to dismiss into a motion for summary judgment and granted Relator fourteen days to respond. On October 5, 2001, Relator filed a response to the motion for summary judgment.
As a preliminary matter, we will address Petitioner's motion for appointment of counsel filed on July 9, 2001. Actions in habeas corpus are civil proceedings. Horton v. Collins (1992), 83 Ohio App.3d 287, citing to Henderson v. James (1895), 52 Ohio St. 242, 244. Habeas proceedings are provided by statute. R.C. 2725.01 et seq. There is no absolute statutory or constitutional right to the assistance of counsel in such civil proceeding. Accordingly, the motion for appointment of counsel is denied.
We now proceed to a determination of Respondent's motion for summary judgment. At the outset, we note that Respondent has submitted evidence of four separate convictions which Petitioner failed to include in his petition. R.C. 2725.04(D) requires that the application contain:
 "(D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; * * *"
Failure to attach all commitment papers is cause for dismissal of the petition. Smith v. Mitchell (1998), 80 Ohio St.3d 624, 687 N.E.2d 749;State ex rel. Ranzy v. Coyle (1998), 81 Ohio St.3d 109, 689 N.E.2d 563;Johnson v. Mitchell (1999), 85 Ohio St.3d 123, 707 N.E.2d 471. The omitted convictions were for grand theft (Greene County 83CR320), theft (Montgomery County 86CR1762), theft (Greene County 86CR272) and receiving stolen property (Montgomery County 95CR3087).
Assuming arguendo that Petitioner had attached all pertinent commitment papers, the Respondent is still entitled to summary judgment. The affidavit of Pamela Rudolph provides a detailed review of Petitioner's master file and identifies all his convictions and parole violations. She identifies the sentences imposed with respective jail time credit for each offense. She concludes that based on her calculations, Petitioner's maximum release date is June 19, 2003. Petitioner has not submitted any evidence to refute the time computation provided by Respondent. In his response filed October 3, 2001, he attached a copy of an entry in Montgomery County, Ohio Case No. 1998CR4289 which imposed a sentence of seventeen (17) months on multiple charges, to be served concurrently with a federal sentence. Ms. Rudolph has incorporated that sentence in her computation.
The standard for granting summary judgment is delineated in Dresher v.Burt (1996), 75 Ohio St.3d 280 at 293:
 "* * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party."
Applying the above standard to the facts of this case, we find that Respondent has submitted unrefuted evidence that Petitioner's maximum term of incarceration has not yet expired. Respondent has affirmatively demonstrated entitlement to summary judgment in its favor.
Accordingly, the Respondent's motion for summary judgment is granted and the Petition for Writ of Habeas Corpus is denied. Costs taxed against Petitioner.
Final order. Clerk to serve a copy of this order on the parties as provided by the civil rules.
DONOFRIO, J., VUKOVICH, J. and DeGENARO, J., concurs.