[Cite as *State v. Parks*, 2016-Ohio-234.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2015-CA-32 |
| | : | |
| v. | : | Trial Court Case No. 95-CR-38 |
| | : | |
| NORMAN L. PARKS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

· · · · · · · · · ·

O P I N I O N

Rendered on the 22nd day of January, 2016.

· · · · · · · · · ·

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

NORMAN L. PARKS, #A646-202, Madison Correctional Institution, Post Office Box 740, London, Ohio 43140-0740
      Defendant-Appellant, *pro se*

· · · · · · · · · · · ·

HALL, J.

{¶ 1} Norman Parks appeals pro se arguing that the trial court should order the Ohio Department of Rehabilitation and Correction (DRC) to correct the aggregate of his consecutive indefinite felony sentences resulting from multiple cases. Finding no error,

we affirm.

## I. Background

{¶ 2} In 1980, Parks was convicted of breaking and entering in Clark County and given an indefinite sentence of 2-5 years in prison. He was released on parole the following year. In 1983, while on parole, Parks was convicted of aggravated burglary in Franklin County and given an indefinite sentence of 7-25 years in prison. He was released on parole six years later. In 1995, while on parole, Parks was convicted of burglary in Clark County and given an indefinite 12-15 year sentence. Eight years later he was again released on parole. In 2010, while on parole, he was again convicted of breaking and entering in Clark County and was given a definite 7 month prison sentence. Although Parks's definite 7 month sentence expired in August 2011, he remained in prison to serve the rest of his indefinite sentences because he had violated his parole. According to the DRC, the aggregate of Parks's pre-1996 indefinite sentences is 21-45 years.

{¶ 3} In October 2014, Parks filed, in the 1995 case, a pro se motion for conditional release asking the trial court for release from the 1980 and 1995 sentences imposed in Clark County. He argued that he had finished serving those sentences but that the DRC had not changed the minimum or maximum terms of his aggregate sentence. The trial court responded in November 2014 with a one-paragraph entry that states: "This defendant is being held on a Franklin County Case. The defendant has completed his sentences out of Clark County, Ohio. Accordingly, this Court no longer has jurisdiction over the defendant." *Entry* (Nov. 10, 2014). Based on this entry, Parks filed, in December 2014, a pro se motion asking the trial court for an order correcting his sentence. Citing the second sentence of the entry, Parks asked the court to order the DRC, and the Ohio

Bureau of Sentence Computation, to remove the 1980 and 1995 sentences from the aggregate. The trial court responded in March 2015 by vacating its November 2014 entry as being erroneous and overruled Parks's motion. The court explained that because Parks had completed the 7-month sentence in the 2010 case, the court thought that he had completed all of his Clark County sentences. But it appears, said the court, that he violated his parole and is currently serving the remainder of his three pre-1996 sentences.

{¶ 4} Parks appealed.

## II. Analysis

{¶ 5} There are no assignments of error in Parks's pro se appellate brief. It appears, however, that Parks is alleging that the trial court erred by refusing to order the DRC to remove the 1980 and 1995 sentences from the indefinite-sentence aggregate. Parks asks us to reverse the trial court's March 2015 entry and to order the DRC to remove the sentences.

{¶ 6} Parks's argument focuses on the DRC. In his reply brief, he says that "[t]he gist of Defendant-Appellant's argument is that neither the DRC nor the Parole Board has the authority to merge sentences." *Defendant-Appellant's Response to Plaintiff-Appellee's Reply Brief*, 2. He contends that through the DRC and Parole Board's actions, the state "usurped judicial authority when it merged three sentences to come up with the 21-to-45 year[] sentence." *Id*. Parks says that the only issues before us are "1) does the DRC and/or Parole Board have the power or authority to overrule or change a judge's sentence passed down in a court of law; and 2) can the DRC and/or Parole Board do away with the expiration date of a sentence given to a defendant?" *Id.* at 3.

{¶ 7} The trial court does not have the authority to make the indefinite-sentence

determinations that Parks challenges here. When multiple sentences have been imposed for pre-1996 offenses (those committed before S.B. 2 went into effect), it is the DRC that determines the minimum, maximum, and definite sentences. *See Davis v. Dept. Of Rehab. and Corr.*, 10th Dist. Franklin No. 14AP-337, 2014-Ohio-4589, ¶ 16, fn. 4 (saying that Ohio Adm.Code 5120-2-03 sets forth the rules that the DRC uses to make these determinations for such sentences). Moreover, the trial court lacks jurisdiction to enter a judgment against the DRC in this case, because the DRC is not a party. *See Rite Rug Co. v. Wilson*, 106 Ohio App.3d 59, 62, 665 N.E.2d 260 (10th Dist.1995) ("A court lacks jurisdiction to enter judgment against a defendant where effective service of process has not been made upon the defendant and the defendant has not appeared in the case or otherwise waived service."), citing *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984).

{¶ 8} If Parks believes the DRC is improperly detaining him, he must pursue such a claim—in the proper court—against the DRC. We express no opinion whether he may be entitled to such relief, but he must seek that relief in a separate action.

{¶ 9} The trial court did not err as Parks alleges, so the court's judgment is affirmed.

. . . . . . . . . . . .

FROELICH, J., and WELBAUM, J., concur.

Copies mailed to:

Ryan A. Saunders
Norman L. Parks
Hon. Douglas M. Rastatter