THE STATE EX REL. FOSTER, APPELLANT, *v.* OHIO
ADULT PAROLE AUTHORITY, APPELLEE.

[Cite as *State ex rel. Foster v. Ohio Adult
Parole Auth.* (1992), 65 Ohio St.3d 456.]

(No. 92–1825—Submitted November 24, 1992—Decided December 11, 1992.)

*Robert Foster, pro se.*

*Per Curiam.* We affirm the judgment of the court of appeals.

Appellant was convicted of two felony counts of forgery in 1975 and sentenced to two consecutive terms of six months to five years, an aggregate sentence of one to ten years. He was paroled in 1978.

On April 29, 1980, appellant was sentenced from two to five years on a new felony conviction for forgery, making his aggregate sentence three to fifteen years. On May 22, 1980, his parole was revoked on the first sentences. On December 16, 1981, he was again paroled.

Appellant claims that the time served between May 22, 1980 and December 16, 1981 must be credited to both his first and second sentences. The court of appeals found that R.C. 2929.41(B) provided at all relevant times:

"A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases:

" * * *

"(3) When it is imposed for a new felony committed by a * * * parolee * * *[.]"

Appellant's 1975 and 1980 sentences were both for felonies. Therefore, they were to be served consecutively. To apply the time served to both the first and second sentences, as appellant argues, would grant him double credit. He contends that this result is mandated by *Moody v. Daggett* (1976), 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236, *Inmates' Councilmatic Voice v. Rogers* (C.A.6, 1976), 541 F.2d 633, and *Moss v. Patterson* (C.A.6, 1977), 555 F.2d 137, certiorari denied (1977), 434 U.S. 873, 98 S.Ct. 221, 54 L.Ed.2d 153, and by Ohio Adm.Code 5120:1–1–19. However, the court of appeals found nothing in these cases or the regulation that negated R.C. 2929.41(B)(3) and afforded appellant a clear right to relief; nor do we.

Similarly, on October 31, 1985, appellant was sentenced to a definite term of four and one-half years on three felony counts of forgery and one felony count of receiving stolen property. His parole on the three-to-fifteen year indefinite terms was revoked on January 23, 1986. On October 24, 1988, he completed the definite term, and, on August 28, 1989 he was paroled on the remainder of the indefinite term. He also claims additional credit for the time

served between January 23, 1986 and October 24, 1988. However, R.C. 2929.41(C)(4) provided, at all relevant times:

"When a person is serving definite terms of imprisonment consecutively to indefinite terms of imprisonment * * *, the aggregate of the definite terms of imprisonment shall be served, and then the indefinite terms of imprisonment shall be served * * *."

Thus, appellant's incarceration on the definite term before continuing to serve the remaining indefinite term was statutorily authorized.

As stated above, we find nothing in the sources cited by appellant to require any other result than that set forth in R.C. 2929.41. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.