THE STATE EX REL. RANZY, APPELLANT, *v.* COYLE, WARDEN, APPELLEE.

[Cite as *State ex rel. Ranzy v. Coyle* (1998), 81 Ohio St.3d 109.]

(No. 97–1567—Submitted January 21, 1998—Decided February 18, 1998.)

*Jerry Ranzy, pro se.*

*Betty D. Montgomery,* Attorney General, and *Donald Gary Keyser,* Assistant Attorney General, for appellee.

---

***Per Curiam.*** Ranzy asserts that the court of appeals erred by denying the writ of habeas corpus. Ranzy's assertion, however, is meritless for the following reasons.

First, Ranzy's maximum prison term has not expired. As the court of appeals correctly concluded, under former R.C. 2929.41(B)(3),[1] Ranzy's sentences for new

---

1. Former R.C. 2929.41(B) provided:

"A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases:

felonies committed after his 1973 conviction and sentence for armed robbery were to be served consecutively to his 1973 sentence. Second, Ranzy did not verify his petition as required by R.C. 2725.04. *State ex rel. Lemmon v. Ohio Adult Parole Auth.* (1997), 78 Ohio St.3d 186, 188, 677 N.E.2d 347, 349. Finally, Ranzy did not attach copies of all of his pertinent commitment papers. *McBroom v. Russell* (1996), 77 Ohio St.3d 47, 48, 671 N.E.2d 10, 11.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---

" * * *

"(3) When it is imposed for a new felony committed by the probationer, parolee, or escapee."