JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
In a single assignment of error, defendant-appellant Anthony Underwood appeals from the trial court's denial of his motion for credit for the 124 days he spent in confinement before his transfer to the Department of Rehabilitation and Corrections. Underwood was arrested on April 30, 2003, and charged with possession of cocaine, in violation of R.C. 2925.11(A). On May 1, 2003, the Adult Parole Authority issued a parole holder because Underwood had violated the terms of his parole stemming from a 1997 robbery conviction. The trial court accepted Underwood's guilty plea for the possession offense and sentenced him to eight months' incarceration on September 3, 2003.[1]
R.C. 2967.191 requires that the trial court grant credit for confinement "arising out of the offense for which the prisoner was convicted and sentenced." The trial court properly denied Underwood's motion, noting that a parole holder had been placed upon him while the charge in this prosecution were pending. The credit provisions of R.C. 2967.191 were thus inapplicable, and Underwood was not entitled to receive the jail-time credit. SeeState ex rel. Foster v. Ohio Adult Parole Auth.,65 Ohio St.3d 456, 1992-Ohio-82, 605 N.E.2d 26. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Gorman and Sundermann, JJ.
[1] While the state suggests that the eight-month period of incarceration should have expired in May 2004, the record is silent as to whether Underwood has served the entire prison term.