[Cite as *Davis v. Dept. of Rehab. & Corr.*, 2014-Ohio-4589.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Anthony S. Davis, | : | |
| Plaintiff-Appellant, | : | |
| | : | **No. 14AP-337** |
| v. | : | (C.P.C. No. 13CVH11-12207) |
| Department of Rehabilitation and Correction, | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on October 16, 2014

*Anthony S. Davis*, pro se.

*Michael DeWine*, Attorney General, and *Caitlyn A. Nestleroth*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Plaintiff-appellant, Anthony S. Davis, appeals a judgment of the Franklin County Court of Common Pleas granting summary judgment to defendant-appellee, the Department of Rehabilitation and Correction ("DRC"). For the following reasons, we affirm.

{¶ 2} Since 1977, Davis has spent more time inside Ohio's prison system than out. Davis was first incarcerated on May 20, 1977, after the Franklin County Court of Common Pleas sentenced him to 4 to 25 years imprisonment for aggravated burglary. On November 12, 1982, after serving over five years, Davis was paroled. Davis, however, reoffended in 1985. He was convicted of theft and forgery, for which he received

concurrent 18-month sentences. Davis returned to prison on October 18, 1985, and he stayed there until he was paroled on August 15, 1986.

{¶ 3} Davis remained out of prison only a few months. In early 1987, Davis pleaded guilty to breaking and entering, and the Guernsey County Court of Common Pleas sentenced him to one year imprisonment. The ensuring stretch of incarceration lasted over two years: from January 20, 1987 until Davis' April 3, 1989 parole. Davis, again, committed crimes shortly after his release. Just six months after receiving parole, Davis landed back in prison with a new sentence of 5 to 25 years for aggravated burglary.[1] Davis then served over six years.

{¶ 4} Paroled on December 22, 1995, Davis soon picked up two new convictions. For the first, the Ashland County Court of Common Pleas sentenced Davis to a total of five years for breaking and entering, theft, and possession of criminal tools. For the second, the Pickaway County Court of Common Pleas sentenced Davis to one year for breaking and entering, but the court allowed Davis to serve that sentence concurrently with the five-year sentence from the Ashland County court.

{¶ 5} The Ashland County conviction resulted in Davis' readmission to prison on October 1, 1996. After serving a little over three years, Davis was paroled on February 18, 2000. By January 5, 2001, Davis was back in prison as a parole violator. On September 28, 2001, the Richland County Court of Common Pleas convicted Davis of failure to appear and forgery, and it sentenced Davis to ten months on each count to be served concurrently to each other "but consecutive to his other cases." (R. 2, exhibit L.)

{¶ 6} Although Davis had reoffended each of the five times he had been paroled previously, Davis was again paroled on January 2, 2003. Thereafter, Davis committed additional crimes on parole. He returned to prison on February 11, 2005 with a new nine-year total sentence for breaking and entering, possession of criminal tools, and burglary. Additionally, as a result of his criminal activities during this last period of parole, Davis was convicted of: (1) four counts of breaking and entering, for which he received a one-year sentence; (2) breaking and entering, for which he received a six-month sentence; (3) possession of drugs, receiving stolen property, breaking and entering, and theft, for

---

[1] In his 1989 case, Davis was convicted of possession of criminal tools in addition to aggravated burglary. The Morrow County Court of Common Pleas sentenced Davis to 18 months for possession of criminal tools, but ordered Davis to serve that sentence concurrently with the 5-to-25-years sentence for aggravated burglary.

which he received a one-year sentence; and (4) engaging in corrupt activities, for which he received a one-year sentence.

{¶ 7}   Currently imprisoned, Davis filed the instant action seeking a declaratory judgment.  In his complaint, Davis requested that the trial court declare that his 1977 sentence had expired and must be removed from his active sentence.

{¶ 8}   Both Davis and DRC moved for summary judgment.  In its motion, DRC explained that, prior to the July 1, 1996 effective date of Am.Sub.S.B. No. 2, R.C. 2929.41(B)(3) mandated that probationers, parolees, and escapees who committed felonies had to serve any sentence of imprisonment consecutively to any other previous sentence of imprisonment.  Thus, prior to July 1, 1996, each time Davis committed a felony on parole, his new sentence was aggregated with his previous sentences.  By the time Davis returned to prison on October 1, 1996, his aggregate sentence was so lengthy that his maximum sentence would not expire until October 6, 2031.  Assessments of "lost time" and the 2001 consecutive sentence from the Richland County court extended that date to November 26, 2032.[2]  Based on its calculation of Davis' maximum sentence, DRC argued that the trial court could not declare that Davis' sentence had expired.

{¶ 9}   In his summary judgment motion and in response to DRC's motion, Davis contended that DRC could not aggregate his sentences.  Alternatively, Davis argued that the 1977 sentence had to be removed from his aggregate sentence because it had expired.

{¶ 10} The trial court granted DRC's motion and denied Davis' motion.  The court found that DRC had properly aggregated Davis' sentences, and, consequently, Davis' maximum term of imprisonment had not yet expired.  On April 15, 2014, the trial court entered judgment in DRC's favor.

{¶ 11} Davis now appeals the April 15, 2014 judgment, and he assigns the following errors:

---

[2] Pursuant to R.C. 2967.15(C)(1), "[t]he time between the date on which a person who is a parolee * * * is declared to be a * * * [parole] violator at large and the date on which that person is returned to custody in this state under the immediate control of the adult parole authority shall not be counted as time served under the sentence imposed on that person."  Davis has two such periods of "lost time": 71 days for a period in 2000 and 44 days for a period in 2003.

<u>Assignment of Error #1</u>

<u>THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN FAILING TO DECLARE THE RIGHTS OF PLAINTIFF/APPELLANT IN A CONTRACT DISPUTE: THE SAME BEING A VIOLATION OF THE DUE COURSE OF LAW CLAUSE OF ARTICLE I, SECTION 16, OF THE OHIO CONSTITUTION, THE 5th AND 14th AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND OHIO REVISED CODE CHAPTER 2721[.]</u>

<u>Assignment of Error #2</u>

<u>THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN GRANTING DEFENDANT/APPELLEE CROSS MOTION FOR SUMMARY JUDGMENT: THE SAME BEING A VIOLATION OF ARTICLE I, SECTION 16, OF THE OHIO CONSTITUTION, THE 5th AND 14th AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND RULE 56 OF THE OHIO RULES OF CIVIL PROCEDURE[.]</u>

{¶ 12} Davis' assignments of error challenge the trial court's decision to grant DRC's motion for summary judgment and deny his motion for summary judgment. A trial court will grant summary judgment under Civ.R. 56 when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. This means that an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, L.L.C.*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 13} Before addressing the merits of Davis' argument, we must consider the constitutional violations raised in Davis' assignments of error. Davis did not assert these constitutional violations below. Moreover, Davis does not support his allegations of constitutional violations with any argument. Consequently, we will not address the alleged constitutional violations. *See Niskanen v. Giant Eagle, Inc.*, 122 Ohio St.3d 486,

2009-Ohio-3626, ¶ 34 (holding that a party generally waives the right to raise on appeal an argument that it could have raised, but did not, in earlier proceedings); App.R. 12(A)(2) (allowing an appellate court to disregard any assignment of error not separately argued in the brief).

{¶ 14} Both of Davis' assignments of error contest the trial court's refusal to declare that his 1977 sentence has expired. Davis wants that sentence removed from his aggregate sentence, which would drastically decrease his maximum aggregate sentence. We reject Davis' argument.

{¶ 15} From January 1, 1974, when Am.Sub.H.B. No. 511 became effective, until July 1, 1996, when Am.Sub.S.B. No. 2 became effective, R.C. 2929.41(B) provided:

> A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases:
>
> * * *
>
> (3)   When it is imposed for a new felony committed by a probationer, parolee, or escapee[.][3]

Thus, "sentences for crimes committed while on parole [had to] be served consecutively to sentences for crimes committed before the parole violation." *State ex rel. Thompson v. Kelly*, 137 Ohio St.3d 32, 2013-Ohio-2444, ¶ 8; *accord State ex rel. Ranzy v. Coyle*, 81 Ohio St.3d 109, 110 (1998); *State ex rel. Foster v. Ohio Adult Parole Auth.*, 65 Ohio St.3d 456, 457 (1992).

{¶ 16} If, pursuant to former R.C. 2929.41(B)(3), a prisoner must serve consecutive indefinite sentences for felonies, the minimum term to be served is the aggregate of the consecutive minimum terms, and the maximum term to be served is the aggregate of the consecutive maximum terms. Former R.C. 2929.41(C)(2); Ohio Adm.Code 5120-2-03(E)(1).[4] For consecutive definite sentences, the term to be served is the aggregate of the definite terms imposed. Ohio Adm.Code 5120-2-03(E)(2). When a definite term of imprisonment was imposed consecutively to an indefinite term, the prisoner must serve

---

[3] *See* Am.Sub.H.B. No. 511, 134 Ohio Laws, Part II, 1866, 1985-86 (enacting the quoted language); 1995 Am.Sub.S.B. No. 2 (repealing the quoted language).

[4] Ohio Adm.Code 5120-2-03 sets forth the rules that DRC uses to determine minimum, maximum, and definite sentences when multiple sentences were imposed for offenses committed prior to July 1, 1996— the effective date of Am.Sub.S.B. No. 2.

the definite term first, followed by the indefinite term. Former R.C. 2929.41(C)(4); Ohio Adm.Code 5120-2-03(E)(5). While the prisoner serves the definite term, the indefinite term is tolled. *State ex rel. Foster v. Ohio State Adult Parole Auth.*, 10th Dist. No. 91AP-1109 (Aug. 6, 1992), *aff'd*, 65 Ohio St.3d 456 (1992).

{¶ 17} Here, application of former R.C. 2929.41(B)(3) rendered the five sentences Davis received from 1977 to 1996 consecutive to each other. DRC aggregated Davis' 1977 sentence (for 4 to 25 years imprisonment) with his 1989 sentence (for 5 to 25 years) for a total indefinite term of 9 to 50 years. Davis' 1985 sentence (18 months), 1987 sentence (1 year), and 1996 sentence (5 years) amounted to an aggregate definite term of 7 years and 6 months. Based on these consecutive sentences, DRC calculated that Davis' aggregate maximum sentence would not expire until October 6, 2031.[5]

{¶ 18} Davis does not argue that DRC erroneously interpreted R.C. 2929.41 or that DRC made a mathematical error in computing the expiration of his aggregate maximum sentence. Rather, Davis claims that his 1985, 1987, 1989, and 1996 sentences were served concurrently with his 1977 sentence. Apparently, Davis deduced this from comparing the length of each sentence to the length of time he served after that sentence and prior to parole. Eligibility for parole, however, has no effect on whether Davis must serve his 1977, 1985, 1987, 1989, and 1996 sentences concurrently or consecutively. Former R.C. 2929.41(B)(3) decides that issue.

{¶ 19} Davis also argues that genuine issues of material fact preclude summary judgment in DRC's favor. First, Davis contends that the 1985 conviction for forgery that DRC references in its evidentiary materials is actually a conviction of someone else for another crime. Davis points to a judgment entry from case No. 84CR-06-1523 as proof of his contention. Davis' evidence is unavailing as, according to DRC's evidence, he was convicted of forgery in case No. 84CR-06-15*32*, not 84CR-06-15*23*. Davis mistakenly juxtaposed the final two numerals in the case numbers.

{¶ 20} Second, Davis argues that his 1989 conviction was for aggravated burglary and possession of criminal tools, and not, as DRC stated, aggravated burglary and breaking and entering. While Davis is correct, he has not identified a difference of

---

[5] Although our calculations of aggregate time do not reflect Davis' jail-time or earned credit, DRC did take jail-time and earned credit into account when determining Davis' aggregate maximum sentence. Furthermore, as we explained above, due to the addition of "lost time" and the 2001 consecutive sentence, the expiration date is now November 26, 2032.

material fact. Regardless of the crimes at issue, Davis' 1989 conviction resulted in a total sentence of 5 to 25 years. Only the length of the 1989 sentence is relevant to the calculation of Davis' aggregate prison sentence, and Davis advances no dispute regarding that fact.

{¶ 21} As a final matter, we consider whether Davis could receive the remedy he is seeking: the severance of his 1977 sentence from his aggregate sentence. This remedy is unavailable due to R.C. 5145.01, which provides that a prisoner serving consecutive sentences "shall be held to be serving one continuous term of imprisonment." *Accord State ex rel. Perotti v. Shoemaker*, 10th Dist. No. 89AP-1424 (Mar. 17, 1992) ("R.C. 5145.01 recites that, if a prisoner is issued consecutive sentences for two or more separate felonies, to be served at a penitentiary, the prisoner shall be held to be serving one consecutive sentence."). "By stating that consecutive sentences are to be aggregated, and are to be served as 'one continuous term,' [former R.C. 2929.41 and R.C. 5145.01] demonstrate an intent to make the sentences inseverable." *Klostermeyer v. Ohio Dept. of Rehab. & Corr.*, 8th Dist. No. 79248 (Nov. 29, 2001). Thus, until the aggregate sentence is discharged, none of the sentences composing the aggregate may be discharged. *Id.* The trial court, therefore, properly refused to sever Davis' 1977 sentence from his aggregate sentence.

{¶ 22} In sum, we conclude that significant time remains to be served on Davis' aggregate maximum sentence. Even though Davis has served the time associated with certain sentences that constitute the aggregate sentence, his aggregate sentence will not expire until all the consecutive sentences expire. None of the constituent sentences may be removed from that aggregate sentence. Accordingly, the trial court did not err in granting DRC summary judgment and denying Davis summary judgment.

{¶ 23} For the foregoing reasons, we overrule Davis' first and second assignments of error, and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and LUPER SCHUSTER, JJ., concur.

_____