[Cite as *State v. Davis*, 2017-Ohio-7830.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 16CA0011 |
| ANTHONY DAVIS | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Morrow County Court of
                            Common Pleas, Case No. 89-CR-3133


JUDGMENT:                   Affirmed

DATE OF JUDGMENT ENTRY:     September 25, 2017

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

CHARLES S. HOWLAND                  ANTHONY DAVIS, PRO SE
Morrow County Prosecuting Attorney  Allen/Oakwood Correctional Institution
DAVID HOMER                         2338 North West St.
Assistant Prosecuting Attorney      PO Box 4501-488214
60 East High Street                 Lima, Ohio 45802
Mt. Gilead, Ohio 43338

*Hoffman, J.*

**{¶1}**   Defendant-appellant Anthony S. Davis appeals the October 11, 2016 judgment of the Morrow County Common Pleas Court denying his motion for the court to send to the Department of Rehabilitation and Correction a 1990 order suspending further execution of his sentence.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE[1]

**{¶2}**   In 1989, Appellant was convicted of aggravated burglary and possession of criminal tools in the Morrow County Common Pleas Court, and sentenced to a term of imprisonment of five years to twenty-five years and six months.  His convictions and sentences were affirmed by this Court on direct appeal.  *State v. Davis,* 5th Dist. Morrow No. CA-720, 1990 WL 79040 (June 7, 1990).

**{¶3}**   Appellant filed a petition for post-conviction relief on March 30, 1990, and a motion for shock probation on April 25, 1990.  Following an evidentiary hearing, the trial court dismissed Appellant's petition for post-conviction relief on July 23, 1990.  The journal does not reflect a ruling on his motion for shock probation.

**{¶4}**   On February 12, 2015, Appellant filed an application for shock probation. He argued under the law by which he was sentenced in 1989, all of his convictions since 2000 were definite sentences, which had to be served prior to the indefinite sentence he received in 1989.  As he had served his definite sentences, he wanted to be released from prison because, "Life is just too short."  The trial court summarily denied the motion on March 23, 2015.

---

[1] A rendition of the facts is unnecessary for our disposition of this appeal.

**{¶5}** On September 20, 2016, Appellant moved the court to send to the Department of Rehabilitation and Correction a 1990 order suspending further execution of sentence. He argued because he was released on parole in 2000, he must have been granted shock probation under the old law. The State responded there was never a 1990 order granting him shock probation, and the trial court denied Appellant's motion on October 11, 2016.

**{¶6}** Appellant moved the court to reconsider on November 7, 2016. He filed a document entitled "Defendant's Reply to State's Response to Defendant's Motion for a Nunc Pro Tunc Entry," stating he received shock probation in 1990. He also filed a Statement of the Case pursuant to App. R. 9(C). On March 20, 2017, we remanded this case to the trial court to settle the record pursuant to App. R. 9(C). The trial court did so on May 18, 2017, stating there is no judicial release order in the record from Judge Dean Curl from 1990, or any other time. The court stated from a careful review of the record, there is no reason to conclude the record as presently constituted is missing a judicial release record because Appellant was never placed on probation by the court.

**{¶7}** Appellant prosecutes this appeal from the entry of the court denying his motion to send the Department of Rehabilitation and Correction a 1990 order suspending his sentence, assigning the following as error:

I. THE TRIAL COURT ABUSES ITS DISCRETION BY DENYING A MOTION FOR A NUNC PRO TUNC ENTRY WHEN THERE IS CLEAR AND CONVINCING EVIDENCE THAT AN OMISSION EXIST [SIC]IN THE TRIAL COURT RECORD. THE SAME BEING A VIOLATION OF ARTICLE

ONE, SECTION SIXTEEN, OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

II. THE TRIAL COURT ABUSES ITS DISCRETION WHEN IT AGREE'S [SIC]THAT A SENTENCE WAS SUSPENDED ONCE BUT REFUSES TO CORRECT THAT OMISSION IN THE TRIAL COURT RECORD.   THE SAME BEING A VIOLATION OF ARTICLE ONE, SECTION SIXTEEN, OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

III. THE TRIAL COURT ERRED, TO THE PREJUDICE OF THE APPELLANT, IN RECONSIDERING IT'S [SIC] OWN VALID, FINAL JUDGMENT.  THE SAME BEING A VIOLATION OF ARTICLE(S) ONE AND FOUR, SECTION(S) SIXTEEN AND EIGHTEEN, OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

I.

{¶8}   In his first assignment of error, Appellant argues the court erred in denying his motion for a nunc pro tunc entry.

{¶9}   A nunc pro tunc entry is limited to memorializing what the trial court actually did at an earlier point in time, such as correcting a previously issued order which fails to reflect the trial court's true action. *State v. Clark*, 5th Dist. Stark No. 2010CA00006. 2010-

Ohio-4649, ¶ 12.  Contra to Appellant's argument, there is no evidence in the record to demonstrate that in 1990, Judge Curl granted his motion for shock probation.  The trial court accordingly did not err in overruling his motion to send a nunc pro tunc entry suspending his 1989 sentence to the Department of Rehabilitation and Correction.

**{¶10}** The first assignment of error is overruled.

II.

**{¶11}** In his second assignment of error, Appellant argues the court erred in failing to correct the record to demonstrate his sentence was suspended in 1990 because the court agrees the sentence was previously suspended.

**{¶12}** Although the trial court recognized Appellant had been released from prison by the parole board, the trial court did not recognize that Judge Curl had released Appellant in 1990 pursuant to Appellant's motion for shock probation.  The record before this Court does not demonstrate Appellant was released from prison by order of the Morrow County Common Pleas Court.

**{¶13}** The second assignment of error is overruled.

III.

**{¶14}** Appellant argues the trial court erred in reconsidering its own March 3, 2015 final judgment overruling Appellant's motion for shock probation.  He argues the trial court agreed with the argument of the State, and the State acknowledged Appellant had been previously released from prison in its response to Appellant's February 12, 2015 motion for shock probation.

**{¶15}** The trial court's March 3, 2015 judgment states in pertinent part:

The State responded to the Application for Shock Probation on February 19, 2015, indicating that the Defendant is ineligible for Shock Probation and his option is to seek release through the Parole Board. Due to the nature of the Convictions, the court is inclined to agree with the analysis by the State, and at this juncture DENIES summarily, without hearing, the Application for Shock Probation.

Judgment, March 3, 2015.

**{¶16}** As discussed in Appellant's second assignment of error, while neither the State nor the court dispute Appellant was at some point in time released from prison by action of the parole board, the record does not demonstrate Appellant's sentence was suspended by the Morrow County Common Pleas Court. The trial court's judgment denying Appellant's request for a nunc pro tunc order suspending his sentence in 1990 to be sent to the Department of Rehabilitation and Correction does not constitute a reconsideration of its March 3, 2015 order denying his motion for shock probation.

**{¶17}** The third assignment of error is overruled.

**{¶18}** The judgment of the Morrow County Common Pleas Court is affirmed.


By: Hoffman, J.

Delaney, J.  and

Wise, Earle, J. concur