[Cite as *State ex rel. Davis v. Bur. Sentence Computation & Records Mgt.*, 2019-Ohio-4571.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Anthony S. Davis, | : | |
| Relator, | : | |
| v. | : | No. 18AP-957 |
| Bureau of Sentence Computation and Records Management, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

---

D E C I S I O N

Rendered on November 5, 2019

---

**On brief**: *Anthony S. Davis,* pro se.

**On brief**: *Dave Yost,* Attorney General, and *George Horvath,* for respondent.

---

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

BROWN, J.

{¶ 1} Relator, Anthony S. Davis, an inmate, has filed a pro se original action requesting this court grant a writ of mandamus ordering respondent, Bureau of Sentence Computation and Records Management (hereafter "respondent" or "BOSC"), to "recalculate Relator's active term of imprisonment properly, issue to Relator Certificate Of Releases on those sentences that have expired and not including and/or mixing Reformatory sentences with Penitentiary sentences."

{¶ 2} On February 1, 2019, respondent filed a motion for summary judgment, asserting relator has challenged his sentence calculation on numerous occasions and various courts, including this court, have determined his sentence was properly

calculated. On April 11, 2019, relator filed a memorandum contra respondent's motion for summary judgment.

{¶ 3} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate of this court who issued the appended decision, including findings of fact and conclusions of law, recommending this court grant respondent's motion for summary judgment. The magistrate, citing this court's decision in *Davis v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-337, 2014-Ohio-4589, concluded that "this court has already determined that respondent has properly calculated relator's maximum sentence." (Mag. Decision at ¶ 24.)

{¶ 4} Relator has filed pro se objections to the magistrate's decision,[1] arguing respondent is not entitled to summary judgment, and asserting he has "earned credits" from 1995 that are not being acknowledged within the calculation of his current maximum stated term. Relator further argues that, contrary to the magistrate's determination, he does not challenge any previous ruling of this court.

{¶ 5} In response, respondent argues relator's objections ignore a documented history of challenges he has made to his sentence previously addressed and rejected by various courts. Respondent contends a sentence computation prepared by Lora Heiss, a BOSC records management supervisor and employee of the Ohio Department of Rehabilitation and Correction ("ODRC"), indicating relator's maximum expiration date was computed to be November 26, 2032, was the subject of earlier litigation. More specifically, respondent argues the sentencing calculation offered by Heiss was challenged by relator in this court's decision in *Davis,* as well as in a petition for habeas corpus filed in the Supreme Court of Ohio (*State ex rel. Davis v. Sheldon*, 142 Ohio St.3d 1462, 2015-Ohio-1896), and in two habeas petitions filed in federal district court (*Davis v. Allen/Oakwood Corr. Inst.*, S.D. Ohio No. 2:15-cv-02935 (Nov. 6, 2015), and *Davis v. Allen/Oakwood Corr. Inst.*, S.D. Ohio No. 2:15-cv-02931 (Dec. 31, 2015)).

{¶ 6} Pursuant to Civ.R. 56(C), summary judgment is proper when: "(1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion which is

adverse to the non-moving party." *Lee v. Cleveland*, 151 Ohio App.3d 581, 2003-Ohio-742, ¶ 16 (8th Dist.).

{¶ 7} In recommending summary judgment in favor of respondent, the magistrate found relator was essentially challenging the calculation of his maximum sentence, an issue previously raised and decided in *Davis*. We agree.

{¶ 8} In general, "[t]he doctrine of res judicata precludes 'relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction.' " *State ex rel. N. Broadway St. Assn. v. Columbus*, 10th Dist. No. 13AP-963, 2014-Ohio-2196, ¶ 12, quoting *Reasoner v. Columbus*, 10th Dist. No. 04AP-800, 2005-Ohio-468, ¶ 5, citing *State ex rel. Kroger Co. v. Indus. Comm.*, 80 Ohio St.3d 649, 651 (1998). The doctrine of res judicata "consists of two related concepts - - claim preclusion and issue preclusion." *Fort Frye Teachers Assn. v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395 (1998). The concept of claim preclusion "holds that a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Id.* By contrast, the doctrine of issue preclusion, otherwise known as collateral estoppel, "holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different." *Id.*

{¶ 9} Under the facts in *Davis*, relator brought a declaratory judgment action against ODRC, requesting the trial court to declare his 1997 sentence expired and, therefore, that it should be removed from his aggregate sentence thereby drastically reducing his maximum aggregate sentence. ODRC filed a motion for summary judgment, asserting that, based on BOSC's calculation, relator's maximum aggregate sentence did not expire until 2032. The trial court granted ODRC's motion for summary judgment, and relator appealed that determination. In *Davis*, this court affirmed the judgment of the trial court granting summary judgment in favor of ODRC.

---

[1] On June 18, 2019, relator filed two pro se documents titled, respectively, "Objections to Magistrate's Decision of 5/21/2019" and "Objection to Magistrate's Factual Finding(s)." Also on that date, relator filed a document titled "Objection to Magistrate's Factual Finding, Affidavit."

{¶ 10} As noted, relator contends he does not challenge any previous determination by this court. Relator argues that "[i]n the petition that is before this Court, [he] details the fact(s) that he * * * has earned credits towards the termination of Ohio Department of Rehabilitation and Correction * * * inmate number R-101-175 * * * and the earned credits aforementioned are not being acknowledged within the calculation(s) of Relator's current maximum stated term of imprisonment." (Objs. to Mag.'s Factual Findings at 3.)

{¶ 11} In *Davis*, however, we previously noted: "[a]lthough our calculations of aggregate time do not reflect Davis' jail-time or earned credit, DRC did take jail-time and earned credit into account when determining Davis' aggregate maximum sentence." *Id.* at ¶ 17, fn. 5. This court further noted that "due to the addition of 'lost time' and the 2001 consecutive sentence, the expiration date is now November 26, 2032." *Id.* Thus, the issue as to the propriety of BOSC/ODRC's computation of relator's aggregate maximum sentence, including the related issue of whether ODRC accounted for (i.e., "acknowledged") earned credits in its calculation, was necessarily resolved in *Davis*. We therefore agree with the magistrate's conclusion that relator cannot relitigate the calculation of his maximum sentence in this action.

{¶ 12} Based on this court's independent review of the record, we find the magistrate has properly determined the pertinent facts and applied the appropriate law. We therefore overrule relator's objections to the magistrate's decision and adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, respondent's motion for summary judgment is granted, and relator's request for a writ of mandamus is denied.

*Objections overruled;*
*writ denied.*

KLATT, P.J., and NELSON, J., concur.

_____

## APPENDIX

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Anthony S. Davis, | : | |
| Relator, | : | |
| v. | : | No. 18AP-957 |
| Bureau of Sentence Computation and Records Management, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

### M A G I S T R A T E ' S   D E C I S I O N

#### Rendered on May 21, 2019

*Anthony S. Davis,* pro se.

*Dave Yost,* Attorney General, and *George Horvath,* for respondent.

### IN MANDAMUS
### ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

{¶ 13} Relator, Anthony S. Davis, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Bureau of Sentence Computation ("BOSC") to properly calculate his sentence.

Findings of Fact:

{¶ 14} 1. Relator is an inmate currently incarcerated at Allen Correctional institution.

{¶ 15} 2. On December 14, 2018, relator filed this original action again challenging the determination of his sentence.

{¶ 16} 3. On February 1, 2019, respondent filed a motion for summary judgment specifically asserting that relator has raised this same issue on numerous occasions and various courts, including this court, have determined that his sentence has been properly calculated.

{¶ 17} 4. On April 11, 2019, relator filed a memorandum contra to respondent's motion for summary judgment.

{¶ 18} 5. The matter is currently before the magistrate on respondent's motion for summary judgment and relator's response thereto.

Conclusions of Law:

{¶ 19} For the reasons that follow, it is this magistrate's decision that this court should grant summary judgment in favor of respondent.

{¶ 20} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 21} A motion for summary judgment requires the moving party to set forth the legal and factual basis supporting the motion. To do so, the moving party must identify portions of the record which demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280 (1996). Accordingly, any party moving for summary judgment must satisfy a three-prong inquiry showing: (1) that there is no genuine issue as to any material facts; (2) that the parties are entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, which conclusion is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64 (1978).

{¶ 22} In arguing that relator has already raised this issue and the matter has been decided, respondent directs this court's attention to its decision in *Davis v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 14AP-337, 2014-Ohio-4589. That case was an appeal from a judgment of the Franklin County Court of Common Pleas which granted summary judgment in favor of the Department of Rehabilitation and Correction. This court summarized the underlying facts as follows:

Since 1977, Davis has spent more time inside Ohio's prison system than out. Davis was first incarcerated on May 20, 1977, after the Franklin County Court of Common Pleas sentenced him to 4 to 25 years imprisonment for aggravated burglary. On November 12, 1982, after serving over five years, Davis was paroled. Davis, however, reoffended in 1985. He was convicted of theft and forgery, for which he received concurrent 18-month sentences. Davis returned to prison on October 18, 1985, and he stayed there until he was paroled on August 15, 1986.

Davis remained out of prison only a few months. In early 1987, Davis pleaded guilty to breaking and entering, and the Guernsey County Court of Common Pleas sentenced him to one year imprisonment. The ensuring stretch of incarceration lasted over two years: from January 20, 1987 until Davis' April 3, 1989 parole. Davis, again, committed crimes shortly after his release. Just six months after receiving parole, Davis landed back in prison with a new sentence of 5 to 25 years for aggravated burglary.1Link to the text of the note Davis then served over six years.

Paroled on December 22, 1995, Davis soon picked up two new convictions. For the first, the Ashland County Court of Common Pleas sentenced Davis to a total of five years for breaking and entering, theft, and possession of criminal tools. For the second, the Pickaway County Court of Common Pleas sentenced Davis to one year for breaking and entering, but the court allowed Davis to serve that sentence concurrently with the five-year sentence from the Ashland County court.

The Ashland County conviction resulted in Davis' readmission to prison on October 1, 1996. After serving a little over three years, Davis was paroled on February 18, 2000. By January 5, 2001, Davis was back in prison as a parole violator. On September 28, 2001, the Richland County Court of Common Pleas convicted Davis of failure to appear and forgery, and it sentenced Davis to ten months on each count to be served concurrently to each other "but consecutive to his other cases." (R. 2, exhibit L.)

Although Davis had reoffended each of the five times he had been paroled previously, Davis was again paroled on January 2, 2003. Thereafter, Davis committed additional crimes on parole. He returned to prison on February 11, 2005 with a new nine-year total sentence for breaking and entering, possession of criminal tools, and burglary.

Additionally, as a result of his criminal activities during this last period of parole, Davis was convicted of: (1) four counts of breaking and entering, for which he received a one-year sentence; (2) breaking and entering, for which he received a six-month sentence; (3) possession of drugs, receiving stolen property, breaking and entering, and theft, for which he received a one-year sentence; and (4) engaging in corrupt activities, for which he received a one-year sentence.

Currently imprisoned, Davis filed the instant action seeking a declaratory judgment. In his complaint, Davis requested that the trial court declare that his 1977 sentence had expired and must be removed from his active sentence.

Both Davis and DRC moved for summary judgment. In its motion, DRC explained that, prior to the July 1, 1996 effective date of Am.Sub.S.B. No. 2, R.C. 2929.41(B)(3) mandated that probationers, parolees, and escapees who committed felonies had to serve any sentence of imprisonment consecutively to any other previous sentence of imprisonment. Thus, prior to July 1, 1996, each time Davis committed a felony on parole, his new sentence was aggregated with his previous sentences. By the time Davis returned to prison on October 1, 1996, his aggregate sentence was so lengthy that his maximum sentence would not expire until October 6, 2031. Assessments of "lost time" and the 2001 consecutive sentence from the Richland County court extended that date to November 26, 2032. Based on its calculation of Davis' maximum sentence, DRC argued that the trial court could not declare that Davis' sentence had expired.

In his summary judgment motion and in response to DRC's motion, Davis contended that DRC could not aggregate his sentences. Alternatively, Davis argued that the 1977 sentence had to be removed from his aggregate sentence because it had expired.

The trial court granted DRC's motion and denied Davis' motion. The court found that DRC had properly aggregated Davis' sentences, and, consequently, Davis' maximum term of imprisonment had not yet expired. On April 15, 2014, the trial court entered judgment in DRC's favor.

*Id.* at ¶ 2-10.

{¶ 23} Relator's assignments of error challenged the trial court's refusal to declare that his 1977 sentence had expired.  The removal of that sentence from relator's aggregate sentence would drastically decrease his maximum aggregate sentence.  This court found that relator's argument lacked merit.

{¶ 24} In his mandamus complaint, relator argues that respondent has been miscalculating his sentence since 1985.  Relator details what he alleges are the numerous errors made by respondent since 1985 which have resulted in respondent miscalculating his maximum sentence.  The magistrate disagrees.  As respondent asserts, this court has already determined that respondent has properly calculated relator's maximum sentence.  As this court explained:

> From January 1, 1974, when Am.Sub.H.B. No. 511 became effective, until July 1, 1996, when Am.Sub.S.B. No. 2 became effective, R.C. 2929.41(B) provided:
>
> A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases:
>
> * * *
>
> (3) When it is imposed for a new felony committed by a probationer, parolee, or escapee[.]
> Thus, "sentences for crimes committed while on parole [had to] be served consecutively to sentences for crimes committed before the parole violation." *State ex rel. Thompson v. Kelly*, 137 Ohio St. 3d 32, 2013-Ohio-2444, ¶ 8, 997 N.E.2d 498; accord *State ex rel. Ranzy v. Coyle*, 81 Ohio St.3d 109, 110, 1998 Ohio 648, 689 N.E.2d 563 (1998); *State ex rel. Foster v. Ohio Adult Parole Auth.*, 65 Ohio St.3d 456, 457, 1992 Ohio 82, 605 N.E.2d 26 (1992).
>
> If, pursuant to former R.C. 2929.41(B)(3), a prisoner must serve consecutive indefinite sentences for felonies, the minimum term to be served is the aggregate of the consecutive minimum terms, and the maximum term to be served is the aggregate of the consecutive maximum terms. Former R.C. 2929.41(C)(2); Ohio Adm.Code 5120-2-03(E)(1). For consecutive definite sentences, the term to be served is the aggregate of the definite terms imposed. Ohio Adm.Code 5120-2-03(E)(2). When a definite term of imprisonment was imposed consecutively to an indefinite term, the prisoner must serve the definite term first, followed by the indefinite term. Former R.C. 2929.41(C)(4); Ohio Adm.Code 5120-2-03(E)(5). While the prisoner serves

the definite term, the indefinite term is tolled. *State ex rel. Foster v. Ohio State Adult Parole Auth.*, 10th Dist. No. 91AP-1109, 1992 Ohio App. LEXIS 4065 (Aug. 6, 1992), aff'd, 65 Ohio St.3d 456, 1992 Ohio 82, 605 N.E.2d 26 (1992).

Here, application of former R.C. 2929.41(B)(3) rendered the five sentences Davis received from 1977 to 1996 consecutive to each other. DRC aggregated Davis' 1977 sentence (for 4 to 25 years imprisonment) with his 1989 sentence (for 5 to 25 years) for a total indefinite term of 9 to 50 years. Davis' 1985 sentence (18 months), 1987 sentence (1 year), and 1996 sentence (5 years) amounted to an aggregate definite term of 7 years and 6 months. Based on these consecutive sentences, DRC calculated that Davis' aggregate maximum sentence would not expire until October 6, 2031.

Davis does not argue that DRC erroneously interpreted R.C. 2929.41 or that DRC made a mathematical error in computing the expiration of his aggregate maximum sentence. Rather, Davis claims that his 1985, 1987, 1989, and 1996 sentences were served concurrently with his 1977 sentence. Apparently, Davis deduced this from comparing the length of each sentence to the length of time he served after that sentence and prior to parole. Eligibility for parole, however, has no effect on whether Davis must serve his 1977, 1985, 1987, 1989, and 1996 sentences concurrently or consecutively. Former R.C. 2929.41(B)(3) decides that issue.

* * *

As a final matter, we consider whether Davis could receive the remedy he is seeking: the severance of his 1977 sentence from his aggregate sentence. This remedy is unavailable due to R.C. 5145.01, which provides that a prisoner serving consecutive sentences "shall be held to be serving one continuous term of imprisonment." Accord *State ex rel. Perotti v. Shoemaker*, 10th Dist. No. 89AP-1424, 1992 Ohio App. LEXIS 1274 (Mar. 17, 1992) ("R.C. 5145.01 recites that, if a prisoner is issued consecutive sentences for two or more separate felonies, to be served at a penitentiary, the prisoner shall be held to be serving one consecutive sentence."). "By stating that consecutive sentences are to be aggregated, and are to be served as 'one continuous term,' [former R.C. 2929.41 and R.C. 5145.01] demonstrate an intent to make the sentences inseverable." *Klostermeyer v. Ohio Dept. of Rehab. & Corr.*, 8th Dist. No. 79248, 2001 Ohio App. LEXIS 5324 (Nov. 29, 2001). Thus, until the aggregate sentence is discharged, none of the sentences composing the aggregate

> may be discharged. *Id.* The trial court, therefore, properly refused to sever Davis' 1977 sentence from his aggregate sentence.

*Id.* at ¶ 15-18, 21.

{¶ 25} Relator argues that the issue he raises now is distinguishable from the issue raised in the aforementioned case because relator is currently asking this court to order respondent to do its job correctly. However, in the prior case, this court did determine that respondent had properly calculated relator's maximum sentence. As such, the prior case does apply here.

{¶ 26} Based on the foregoing, it is this magistrate's decision that this court should grant respondent's motion for summary judgment. Further, inasmuch as relator has not prevailed, this court should order the court to make periodic deductions from relator's inmate account pursuant to statute.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

> Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).