[Cite as *Davis v. State*, 2025-Ohio-179.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ANTHONY S. DAVIS | JUDGES: |
| | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellant | Hon. William B. Hoffman, J. |
| | Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. 2024CA0006 |
| STATE OF OHIO | |
| | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDINGS:    Appeal from the Morrow County Court of Common Pleas, Case No. 2022CV00047

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    January 22, 2025

APPEARANCES:

For Plaintiff-Appellee

ANTHONY S. DAVIS
Richland Correctional Institution
1001 South Oliversburg Road
P.O. Box 8107 – A488214
Mansfield, Ohio 44905

For Defendant-Appellant

ANDREW S. WICK
Morrow County Prosecuting Attorney

THOMAS J. SMITH
Assistant Prosecuting Attorney
60 East High Street
Mount Gilead, Ohio 43338

*Hoffman, J.*

**{¶1}** Plaintiff-appellant Anthony S. Davis appeals the July 17, 2024 Journal Entry entered by the Morrow County Court of Common Pleas, which granted defendant-appellee the State of Ohio's motion to dismiss.

### STATEMENT OF THE FACTS AND CASE

**{¶2}** "Since 1977, [Appellant] has spent more time inside Ohio's prison system than out." *Davis v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-4589, ¶ 2 (10th Dist.). Although tortuous, the following background history is helpful. On May 20, 1977, the Franklin County Court of Common Pleas sentenced Appellant to an indefinite term of incarceration of four (4) to twenty-five (25) years for aggravated burglary. Appellant was paroled on November 12, 1982, after serving over five (5) years. On October 18, 1985, Appellant was convicted of theft and forgery and sentenced to concurrent eighteen (18) month sentences. He was paroled on August 15, 1986.

**{¶3}** In January, 1987, Appellant pled guilty to breaking and entering in the Guernsey County Court of Common Pleas, and was sentenced to one (1) year in prison. He was incarcerated from January 20, 1987, until April 3, 1989, when he was again paroled.

**{¶4}** In 1989, Appellant was convicted of aggravated burglary and possession of criminal tools in Morrow County Common Pleas Case No. 89-CR-3133 ("the underlying matter"). The trial court imposed an indefinite period of incarceration of a minimum of five (5) years to a maximum of twenty-five (25) years and a definite period of incarceration of one and a half (1 ½) years. The trial court ordered the sentences be served concurrently.

This Court affirmed Appellant's convictions and sentence. *State v. Davis,* 5th Dist. Morrow No. CA–720, 1990 WL 79040 (June 7, 1990).

{¶5}   Appellant was paroled on December 22, 1995.  Shortly after his release, Appellant was convicted of breaking and entering, theft, and possession of criminal tools in the Ashland County Court of Common Pleas and sentenced to an aggregate term of incarceration of five (5) years. Around the same time, Appellant was convicted of breaking and entering in the Pickaway County Court of Common Pleas and sentenced to one (1) year.  The trial court permitted Appellant to serve the one-year sentence it imposed concurrently with the five-year sentence imposed in the Ashland County case.

{¶6}   The Ashland County conviction resulted in Appellant returning to prison on October 1, 1996, but he again was paroled on February 18, 2000. By January 5, 2001, Appellant had returned to prison on a parole violation. On September 28, 2001, the Richland County Court of Common Pleas convicted Appellant for failure to appear and forgery and sentenced him to ten (10) months on each count to be served concurrently to each other, but consecutive to the sentences in his other cases.

{¶7}   Appellant was subsequently paroled on January 2, 2003, but returned to prison on February 11, 2005, with a new nine-year sentence for breaking and entering, possession of criminal tools, and burglary. Additionally, as a result of his criminal activities during his period of parole between January 2, 2003, and February 11, 2005, Appellant was convicted of four (4) counts of breaking and entering, for which he received a one-year sentence; breaking and entering, for which he received a six-month sentence; possession of drugs, receiving stolen property, breaking and entering, and theft, for which

he received a one-year sentence; and engaging in corrupt activities, for which he received a one-year sentence.  Appellant has remained in prison since 2005.

{¶8}    On September 20, 2016, Appellant requested the Morrow County Court of Common Pleas send a 1990 Order to the Ohio Department of Rehabilitation and Correction suspending further execution of his sentence in the underlying matter. The trial court denied Appellant's motion on October 11, 2016.  Appellant filed an appeal to this Court, which affirmed the trial court's decision. *State v. Davis*, 2017-Ohio-7830 (5th Dist.).

{¶9}    In 2018, Appellant filed a petition for writ of mandamus in the Tenth District Court of Appeals, moving the Court to order respondent, Bureau of Sentence Computation, to "properly" recalculate his active term of imprisonment and issue certificates of release. The Bureau of Sentence Computation filed a motion for summary judgment, asserting Appellant had challenged his sentence calculation on numerous occasions and in various courts, and each court had determined his sentence was properly calculated. The Tenth District denied the writ. *Ohio ex rel. Davis v. Bureau of Sentence Computation & Recs. Mgmt.*, 2019-Ohio-4571.

{¶10} In March, 2021, Appellant filed a petition for writ of habeas corpus in the Third District Court of Appeals, against the warden of the Allen-Oakwood Correctional Institution, where he was then incarcerated. The Court dismissed the petition. Appellant appealed to the Ohio Supreme Court, which affirmed the Third District's dismissal. *State ex rel. Davis v. Sheldon,* 2022-Ohio-2789.

{¶11} In 2022, or 2023, Appellant filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Ohio, challenging the State of Ohio's determination of the manner in which his multiple sentences were to be served

and his projected release date. Appellant claimed he was being denied substantive due process and being subjected to double jeopardy because the Bureau of Sentence Computation calculated some of his sentences to run consecutively, not concurrently. The U.S. District Court denied Appellant's petition and dismissed the action. *Davis v. Foster*, 2023 WL 3434065.

{¶12} On April 9, 2024, Appellant filed a complaint for declaratory judgment, seeking a declaration of his rights under the October 28, 1989 journal entry of sentencing in the underlying matter, i.e., Morrow County Common Pleas Case No. 89-CR-3133. The State filed a motion to dismiss in lieu of answer, arguing Appellant failed to join indispensable parties and Appellant's complaint is, in essence, a petition for post-conviction relief and is barred by res judicata. Appellant filed a memorandum contra.

{¶13} Via Journal Entry filed July 17, 2024, the trial court granted the State's motion to dismiss and dismissed Appellant's complaint with prejudice. The trial court found Appellant's request to have the computation of his prison sentence corrected by the Bureau of Sentence Computation was barred by the doctrine of res judicata as Appellant had previously litigated the issue in the Tenth District Court of Appeals in *Ohio ex rel. Davis v. Bureau of Sentence Computation & Recs. Mgmt.*, 2019-Ohio-4571; the Third District Court of Appeals in *State ex rel. Davis v. Sheldon,* 2022-Ohio-2789; and the United States District Court, Northern District of Ohio in *Davis v. Foster*, 2023 WL 3434065.

{¶14} It is from this journal entry Appellant appeals, raising the following assignments of error:

I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN DISMISSING THE COMPLAINT FOR DECLARATORY JUDGMENT FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. THE [SIC] BEING A VIOLATION OF ARTICLE I, SECTION 16, OF THE OHIO CONSTITUTION.

II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN RAISING AND PRESENTING THE AFFIRMATIVE DEFENSE OF RES JUDICATA TO DENY THE COMPLAINT FOR DECLARATORY JUDGMENT. THE SAME BEING A VIOLATION OF ARTICLE I, SECTION 16, OF THE OHIO CONSTITUTION.

III. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN DISMISSING THE COMPLAINT FOR DECLARATORY JUDGMENT WITHOUT FIRST DECLARING THE RIGHTS OF THE PARTIES. THE SAME BEING A VIOLATION OF DUE COURSE OF LAW CLAUSE OF ARTICLE I, SECTION 16, OF THE OHIO CONSTITUTION.

{¶15} This case is before this Court on the accelerated calendar pursuant to App.R. 11.1, which provides, in pertinent part:

(E) Determination and judgment on appeal.

The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason

for the court's decision as to each error to be in brief and conclusionary form.

The decision may be by judgment entry in which case it will not be published in any form.

**{¶16}** One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *State v. Woodhall*, 2023-Ohio-1334, ¶ 3 (5th Dist.), citing *Crawford v. Eastland Shopping Mall Association,* 11 Ohio App.3d 158 (10th Dist. 1983).

**{¶17}** This appeal shall be considered in accordance with the aforementioned rule.

I, II, III

**{¶18}** Because Appellant's three assignments of error are interrelated, we elect to address them together. In all three assignments of error, Appellant challenges the trial court's dismissal of his complaint for declaratory judgment based upon errors he contends amount to a violation of his due process rights.  We disagree.

**{¶19}** We note, "declaratory judgment is not a proper vehicle for determining whether rights that were previously adjudicated were properly adjudicated." *Lingo v. State*, 2014-Ohio-1052, ¶ 44, "For direct and collateral attacks alike, declaratory judgment is simply not a part of the criminal appellate or postconviction review process." *Id.* Ohio's Criminal Rules and statutes provide for the direct review of criminal judgments through appeal, and collateral attacks through postconviction petitions, habeas corpus, and

motions to vacate. *Ohio Pyro, Inc. v. Ohio Dept. of Commerce,* 2007-Ohio-5024, ¶ 20. A declaratory-judgment action cannot be used as a substitute for any of these remedies. *Wilson v. Collins,* 2010-Ohio-6538, ¶ 9 (10th Dist.).

**{¶20}** Appellant's complaint sought correction of his time served and a redetermination of how much time should be served consecutively or concurrently, which would, in his opinion, result in an earlier release date. Appellant's complaint was, in substance, a petition for post-conviction relief. A petition for post-conviction relief does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition. *State v. Lewis,* 2008-Ohio-3113, ¶ 8 (5th Dist.), citing *State v. Jackson,* 64 Ohio St.2d 107,110 (1980).

**{¶21}** We agree with the trial court's conclusion and find Appellant's current challenges to his sentence are barred by the doctrine of res judicata.

**{¶22}** Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceedings, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment. *State v. Cole,* 2 Ohio St.3d 112 (1982).

**{¶23}** Appellant has made similar requests, in a number of courts throughout this State, for an order compelling the Bureau of Sentence Computation to recalculate his sentence. All of those requests have been considered and denied. See, *Ohio ex rel. Davis v. Bureau of Sentence Computation & Recs. Mgmt.,* 2019-Ohio-4571 (10th Dist.); *State ex rel. Davis v. Sheldon,* 2022-Ohio-2789 (3rd Dist.); and *Davis v. Foster,* 2023 WL

3434065 (N.D. Ohio). We find Appellant's complaint is an attempt to relitigate issues this Court and other courts have previously considered and denied, and his claim is barred by res judicata.

**{¶24}** Appellant's first, second, and third assignments of error are overruled.

**{¶25}** The judgment of the Morrow County Court of Common Pleas is affirmed.

By: Hoffman, J.
Baldwin, P.J. and
King, J. concur