[Cite as *State ex rel. N. Broadway Street Assn. v. Columbus*, 2014-Ohio-2196.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. North Broadway Street Association et al., | : | |
| | : | |
| Relators-Appellees, | : | |
| | : | |
| Carole W. Tomko, | : | No. 13AP-963 |
| Relator-Appellant, | : | (C.P.C. No. 10CVH-11-16401) |
| v. | : | (REGULAR CALENDAR) |
| | : | |
| City of Columbus et al., | : | |
| Respondents-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on May 22, 2014

*Phillip L. Harmon*, for appellant.

*Richard C. Pfeiffer, Jr.*, City Attorney, and *Joshua T. Cox*, for respondents-appellees.

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Relator-appellant, Carole W. Tomko, appeals from the judgment of the Franklin County Court of Common Pleas granting a motion for summary judgment filed by respondents-appellees, City of Columbus, Michael B. Coleman, Mark Kelsey, Boyce Safford, III, and Hugh Dorrian. For the reasons that follow, we affirm the judgment of the trial court.

## I.  PROCEDURAL AND FACTUAL BACKGROUND

{¶ 2}   At issue in this litigation is the ownership of two 15-foot strips of land ("the land strips") located on the north and south sides of East North Broadway Street ("the street").  The underlying facts with respect to this property are largely undisputed.  The land strips were annexed into the city of Columbus in 1910, and in April of 1952, a group of landowners petitioned the Franklin County Board of Commissioners ("the county commissioners") to vacate the land strips.  In October of that year, the county commissioners issued an order vacating the land strips as requested, providing that the utilities installed therein would not be affected.

{¶ 3}   Years later, a group of landowners filed a complaint in the Franklin County Court of Common Pleas alleging the city of Columbus and the state of Ohio were threatening to take the land strips without compensation.  *Sparrow v. Columbus*, 40 Ohio App.2d 453 (10th Dist.1974).  In *Sparrow*, the city argued the county commissioners were without authority to issue the 1952 order to vacate.  The trial court rejected the city's position and ruled in favor of the plaintiffs.  This court, however, reversed the judgment of the trial court.  In doing so, the *Sparrow* court framed the issue as "[d]oes a county have authority to vacate a street, or a part thereof which is within the corporate limits of a chartered municipal corporation and is a part of its street system?"  *Id.* at 454.  In answering that question in the negative, the *Sparrow* court stated:

> The street was in the corporate limits of the city of Columbus. Title to East North Broadway was in the city, as trustee, and any attempt to dispose of it by vacating, in whole or in part, lies within the sound discretion of the legislative body of the municipality.  For the county commissioners to attempt to vacate a portion of the street was an exercise in futility. Clearly the county could dispose of any interest it may have had in the street, but it had no jurisdiction as to the "fee title" held by the "trustee."  Any action taken by the county commissioners was therefore a nullity.
>
> There is no decision law on "all fours" with the present fact pattern in Ohio.  Such is true largely because, to our knowledge, no county has had the audacity to attempt such a vacation.  If such has happened, no legal action followed.

*Id.* at 471.

{¶ 4}   The facts giving rise to the instant complaint arose when the city of Columbus approved a road improvement project ("the plan") in 2010, which consisted of widening the street.  Asserting that the plan would affect her ownership rights of the land strips, appellant initiated this action with the filing of a complaint seeking a declaratory judgment, to quiet title, and writs of mandamus and prohibition.  In addition to appellees, the complaint also named the Franklin County Board of Commissioners, Dean Ringle, Clarence Mingo, and Edward Leonard ("the county defendants") as defendants. Specifically, the complaint sought a declaration that the city waived its right to contest or object to the county commissioners' 1952 order to vacate or, in the alternative, that the county commissioners' order was a fraudulent transfer.  During the pendency of the case, appellant voluntarily dismissed her claims seeking writs of prohibition and mandamus, as well as all of her claims against the county defendants.

{¶ 5}   With respect to appellant's claims for declaratory relief and to quiet title, appellees moved for dismissal under Civ.R. 12(B)(6), but the claims were ultimately disposed of by way of summary judgment under Civ.R. 56 after the trial court converted the motion to dismiss to one for summary judgment.  Appellees primarily argued that the issue pertaining to ownership of the land strips had been decided in *Sparrow*, such that appellant's claims were barred by res judicata.  In contrast, appellant argued *Sparrow* was not applicable to the matter at hand.

{¶ 6}   The trial court agreed with appellees and found that it had been decided in *Sparrow* that the county commissioners' 1952 order was a nullity, and, therefore, the city of Columbus held title to the land strips.  Further, because there was no evidence demonstrating that the city had since passed an ordinance or resolution vacating any portion of the land strips, the trial court concluded *Sparrow* was conclusive as to the rights, questions, and facts in this case.

## II.  ASSIGNMENTS OF ERROR

{¶ 7}   This appeal followed, and appellant brings two assignments of error for our review:

> 1. The trial court erred as a matter of law by granting the
> Motion for Summary Judgment filed by the City of Columbus
> as to the Second Cause of Action for Declaratory Judgment.

> 2. The trial court abused its discretion by failing to issue a definitive Decision and Entry as prayed for in the Third Cause of Action for Quiet Title.

## III. DISCUSSION

### A. Standard of Review

{¶ 8} We review a summary judgment motion de novo. *Koos v. Cent. Ohio Cellular, Inc.*, 94 Ohio App.3d 579, 588 (8th Dist.1994), citing *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711 (4th Dist.1993). When an appellate court reviews a trial court's disposition of a summary judgment motion, it applies the same standard as the trial court and conducts an independent review, without deference to the trial court's determination. *Maust v. Bank One Columbus, N.A.*, 83 Ohio App.3d 103, 107 (10th Dist.1992); *Brown* at 711. We must affirm the trial court's judgment if any grounds the movant raised in the trial court support it. *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41-42 (9th Dist.1995).

{¶ 9} Pursuant to Civ.R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Accordingly, summary judgment is appropriate only under the following circumstances: (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978).

{¶ 10} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). " 'The requirement that a party seeking summary judgment disclose the basis for the motion and support the motion with evidence is well founded in Ohio law.' " *Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997), quoting *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115 (1988). Thus,

the moving party may not fulfill its initial burden simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. *Dresher* at 293. Rather, the moving party must support its motion by pointing to some evidence of the type set forth in Civ.R. 56(C), which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. *Id.* If the moving party has satisfied its initial burden under Civ.R. 56(C), then "the nonmoving party * * * has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Id.*

### B. First Assignment of Error

{¶ 11} Under her first assignment of error, appellant contends summary judgment in favor of appellees was in error and asserts three arguments: (1) the applicable provisions of Ohio's General Code as they existed in 1952 were constitutional on their face and as applied, (2) pursuant to res judicata, this court was barred in 1974 from ruling as it did in *Sparrow*, and (3) this court should reverse or distinguish *Sparrow* from the matter at hand. These arguments all challenge the trial court's conclusion that *Sparrow* applies so as to bar appellant from relitigating the issue of ownership of the land strips.

{¶ 12} The doctrine of res judicata precludes "relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction." *Reasoner v. Columbus*, 10th Dist. No. 04AP-800, 2005-Ohio-468, ¶ 5, citing *State ex rel. Kroger Co. v. Indus. Comm.*, 80 Ohio St.3d 649, 651 (1998). In order to apply the doctrine of res judicata, we must conclude the following: "(1) there was a prior valid judgment on the merits; (2) the second action involved the same parties as the first action; (3) the present action raises claims that were or could have been litigated in the prior action; and (4) both actions arise out of the same transaction or occurrence." *Id.*, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381-82 (1995).

{¶ 13} The doctrine of res judicata has two aspects: claim preclusion and issue preclusion. *Grava* at 380. Claim preclusion holds that a valid, final judgment on the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. *Id.* at syllabus. Issue

preclusion, also known as collateral estoppel, provides that "a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different." *Fort Frye Teachers Assn. v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395 (1998). While claim preclusion precludes relitigation of the same cause of action, issue preclusion precludes relitigation of an issue that has been actually and necessarily litigated and determined in a prior action. *Id.*, citing *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d 108, 112 (1969).

{¶ 14} In *Thompson v. Wing*, 70 Ohio St.3d 176 (1994), the Supreme Court of Ohio set forth three requirements for application of collateral estoppel or issue preclusion. "Collateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action." *Id.* at 183, citing *Whitehead* at paragraph two of the syllabus.

{¶ 15} Appellant does not challenge the trial court's finding of privity, nor does appellant dispute that the land strips at issue here are the same as those that were at issue in *Sparrow*. Rather, appellant asserts that in 1952, Ohio law gave the county commissioners the exclusive power to vacate the land strips and that at that time, the city of Columbus advised that it had no authority to consider the petition to vacate. Further, because the city did not appeal the county commissioners' 1952 order that vacated the land strips, appellant argues the city could not object to the 1952 order during the *Sparrow* litigation and that the *Sparrow* decision was wrong to accept the city's objection in 1974.

{¶ 16} A reading of *Sparrow* reveals that this court expressly considered whether the county commissioners had the authority to vacate the land strips and answered said question in the negative. The *Sparrow* court noted that, despite not having appealed the county commissioners' 1952 order, the city was arguing that the county was without the power to divest the city of its ownership in the land strips. In resolving the issue, this court considered various laws that gave the county commissioners the authority to take

action with respect to "roads" as opposed to the various laws that gave the city the authority to take action with respect to "streets."  The court also considered the General Code provisions that appellant argues are dispositive.  After consideration, the *Sparrow* court concluded the county commissioners' attempt to vacate the land strips was an exercise in futility as any "attempt to dispose of [the land strips] by vacating, in whole or in part," was within the sound discretion of the legislative body of the municipality.  *Id.* at 471.

{¶ 17} Here, the dispute is over the same land strips that were at issue in *Sparrow*.  Further, ownership and whether or not the county lacked authority to vacate the land strips was determined in *Sparrow*.  While challenging the trial court's conclusion that res judicata bars her from pursuing her asserted claims, ironically, appellant asserts res judicata actually barred this court from deciding *Sparrow* in 1974.  According to appellant, because the city did not appeal the county commissioners' 1952 order, res judicata barred the city from asserting ownership over the land strips in the 1974 litigation and left this court without jurisdiction to reverse or nullify the county commissioners' 1952 order.

{¶ 18} It appears that not only was the issue of res judicata not raised in *Sparrow*, but, also, the plaintiffs did not appeal from the *Sparrow* decision.  Most importantly, however, the doctrine of res judicata is not jurisdictional.  *Gahanna v. Petruziello*, 10th Dist. No. 03AP-360, 2004-Ohio-2133, ¶ 14.  Thus, regardless of res judicata's applicability, or lack thereof, to the claims asserted in *Sparrow*, appellant has not demonstrated that this court lacked jurisdiction to render a decision in *Sparrow*.

{¶ 19} Regardless, appellant asserts that, because the *Sparrow* court ignored the constitutionality of pertinent Ohio statutes and ignored the principles of res judicata, this court should reverse *Sparrow* which we interpret as a request to overrule the same.  We, however, decline appellant's request to abandon this court's prior holding in *Sparrow*, as we conclude appellant has not demonstrated a special justification that demands we do so.  *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 227, 2003-Ohio-5849 (any departure from the doctrine of stare decisis demands special justification).  Though appellant is steadfast in her assertion that a conflict exists between the county commissioners' 1952 order and this court's decision in *Sparrow*, we discern no such

conflict, as the court in *Sparrow* concluded "[f]or the county commissioners to attempt to vacate a portion of the street [in 1952] was an exercise in futility," and the county commissioners' 1952 order "was therefore a nullity." *Id.* at 471.

{¶ 20} For the foregoing reasons, we conclude the trial court did not err in granting summary judgment in favor of appellees based on the principles of res judicata. Accordingly, we overrule appellant's first assignment of error.

### C. Second Assignment of Error

{¶ 21} In her second assignment of error, appellant contends that, regardless of *Sparrow*, the trial court should have issued a "definitive ruling" so that the landowners' deeds could be corrected. As discussed in our disposition of appellant's previous assignment of error, ownership of the land strips was determined in *Sparrow*, and, based on *Sparrow* and the principles of res judicata, the trial court did not err in concluding that appellees were entitled to judgment as a matter of law. Appellant provides no basis for her assertion that she was entitled to additional relief or orders pertaining to the individual deeds.

{¶ 22} Accordingly, we overrule appellant's second assignment of error.

## IV. CONCLUSION

{¶ 23} Having overruled both of appellant's asserted assignments of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

CONNOR and LUPER SCHUSTER, JJ., concur.

_____