[Cite as *Liberty Mut. Ins. Co. v. Three-C Body Shop, Inc.*, 2020-Ohio-2694.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Liberty Mutual Insurance Company, | : | |
| Plaintiff-Appellee, | : | No. 19AP-775 |
| | | (C.P.C. No. 18CV-7026) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Three-C Body Shop, Inc., | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on April 28, 2020

**On brief**: *Kesha D. Kinsey*, for appellee.

**On brief**: *Charley Hess*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} Three-C Body Shop, Inc. ("Three-C"), defendant-appellant, appeals the judgment of the Franklin County Court of Common Pleas in which the court granted the motion to dismiss, pursuant to Civ.R. 12(B)(6), filed by Liberty Mutual Insurance Company ("Liberty"), plaintiff-appellee.

{¶ 2} Three-C is a company engaged in the business of automobile collision repair. Liberty provides automobile insurance. Liberty's insured driver caused damage to a vehicle owned by Dan Lobdell. Lobdell took his vehicle to Three-C for repair. On January 4, 2017, Liberty issued a check to Three-C in the amount of $12,506.81 to pay the cost of repairs to Lobdell's vehicle. After making payment, Liberty determined that Lobdell's vehicle sustained more damage than originally believed, deemed the vehicle a total loss, paid Lobdell for the total loss, and requested Three-C return the $12,506.81. Three-C refused to

return the money, claiming the money should be used as an offset for Liberty's past underpayments of repairs (known as "short pays" in the automobile collision repair industry) performed by Three-C and for which Liberty was the responsible insurer.

{¶ 3} On May 21, 2018, Liberty filed an action against Three-C in the Franklin County Municipal Court seeking to recover the $12,506.81 payment it made to Three-C. On June 19, 2018, Three-C filed an answer, as well as a counterclaim, relating to the Lobdell vehicle. On July 6, 2018, Three-C filed an amended answer and counterclaim which alleged permissive counterclaims for breach of implied contract, unjust enrichment/quantum meruit, and account related to Three-C's repairs to 56 other vehicles for which Liberty failed to fully pay. The counterclaim contained a demand for $57,555.71 in damages, an amount in excess of the jurisdiction of the municipal court. On July 16, 2018, the case was transferred to the Franklin County Court of Common Pleas.

{¶ 4} On April 2, 2019, Liberty filed a motion for judgment on the pleadings and motion for more definite statement.

{¶ 5} On April 18, 2019, Three-C filed a second amended answer and second amended counterclaim which alleged claims for breach of quasi-contract and implied contract, unjust enrichment/quantum meruit, and account.

{¶ 6} On April 22, 2019, Liberty filed a Civ.R. 12(C) motion for judgment on the pleadings with regard to Three-C's second amended counterclaim. On May 22, 2019, Three-C filed a memorandum contra in which it withdrew its claim for breach of contract implied-in-fact and its claim on an account, leaving three claims in the second amended counterclaim: quasi-contract (breach of contract implied-in-law), unjust enrichment, and quantum meruit.

{¶ 7} On October 3, 2019, the trial court issued a decision finding Liberty's April 2, 2019 motions moot as a result of Three-C's filing of the second amended answer and second amended counterclaim. The trial court also found Liberty's Civ.R. 12(C) motion was prematurely filed because the pleadings were not yet closed, as Liberty had not yet responded to Three-C's second amended counterclaim. The trial court construed Liberty's Civ.R. 12(C) motion as a 12(B)(6) motion to dismiss for failure to state a claim. The trial court then granted Liberty's motion to dismiss for failure to state a claim.

{¶ 8} On November 11, 2019, the parties filed a stipulated consent judgment, stipulating that Three-C pay $12,506.81 to Liberty. Three-C appeals the trial court's judgment granting Liberty's motion to dismiss for failure to state a claim, asserting the following assignment of error:

> The trial court erred when it granted appellee's motion to dismiss pursuant to Rule 12(B)(6) and dismissed appellant's Second Amended Counterclaim.

{¶ 9} Three-C argues in its sole assignment of error the trial court erred when it granted Liberty's motion to dismiss pursuant to Civ.R. 12(B)(6). When reviewing a decision on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, this court's standard of review is de novo. *Foreman v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 9. A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of the complaint. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975). In ruling on a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must construe the complaint in the light most favorable to the plaintiff, presume all factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). Unsupported conclusions of a complaint, however, are insufficient to withstand a motion to dismiss. *Id.* at 193. The dismissal of a complaint for failure to state a claim is proper when it appears, beyond doubt, the plaintiff can prove no set of facts entitling him to relief. *O'Brien* at 245. Finally, although the trial court may not rely on evidence outside the complaint, it may take into consideration both the complaint and any attachments to it. *Smith v. Estate of Knight*, 10th Dist. No. 18AP-534, 2019-Ohio-560, ¶ 7; *Beard v. New York Life Ins. & Annuity Corp.*, 10th Dist. No. 12AP-977, 2013-Ohio-3700, ¶ 11.

{¶ 10} In the present case, in its second amended complaint, Three-C alleged claims for quasi-contract, breach of contract implied-in-law, unjust enrichment, and quantum meruit. "A claim for unjust enrichment arises not from a true contract, but from a contract implied in law, or quasi contract." *Grothaus v. Warner*, 10th Dist. No. 08AP-115, 2008-Ohio-6683, ¶ 8. The elements of an unjust enrichment claim are: (1) a benefit conferred by a plaintiff upon a defendant, (2) knowledge by the defendant of the benefit, and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment. *Saraf v. Maronda Homes, Inc.*, 10th Dist. No. 02AP-461, 2002-

Ohio-6741, ¶ 10, citing *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183 (1984). In an unjust enrichment claim " '[i]t is not sufficient for the plaintiffs to show that [they have] conferred a benefit upon the defendants. [Plaintiffs] must go further and show that under the circumstances [they have] a superior equity so that as against [them] it would be unconscionable for the defendants to retain the benefit.' " *United States Health Practices v. Blake*, 10th Dist. No. 00AP-1002 (Mar. 22, 2001), quoting *Katz v. Banning*, 84 Ohio App.3d 543, 552 (10th Dist.1992). "A claim for quantum meruit shares the same essential elements as a claim for unjust enrichment, and both doctrines are equitable doctrines." *Pohmer v. JPMorgan Chase Bank, N.A.*, 10th Dist. No. 14AP-429, 2015-Ohio-1229, ¶ 20, citing *Garb-Ko, Inc. v. Benderson*, 10th Dist. No. 12AP-430, 2013-Ohio-1249, ¶ 26.

{¶ 11} Here, Three-C alleges the insurance policies issued by Liberty provide that it is Liberty's duty to pay for vehicle collision repairs that are "reasonable" and "necessary" to restore that vehicle to its pre-damage condition, but Liberty unilaterally determines which repairs are reasonable and necessary and the amount it will pay for those repairs. Three-C complains that it must accept Liberty's determinations as to which repairs and costs are reasonable and necessary without any legal recourse. Based upon these contentions, Three-C argues it should be permitted to maintain an action based upon unjust enrichment because Three-C's restoration of the vehicles to their pre-accident condition conferred a direct benefit upon Liberty; that is, Three-C completely satisfied the contractual legal duty of Liberty to its insured. However, in completely satisfying Liberty's contractual legal duty to its insured, Three-C performed the repair services for less than the actual cost of the services that were necessary in order for Liberty to satisfy its legal, contractual duty to its insureds. Three-C asserts that, although Liberty may disagree regarding the necessity and reasonableness of all of the repair services and costs, an impartial arbiter should make such a determination.

{¶ 12} Three-C concedes this court has already addressed and rejected the same arguments it now raises in *Three-C Body Shops, Inc. v. Nationwide Mut. Fire Ins. Co.*, 10th Dist. No. 16AP-742, 2017-Ohio-1461, and its companion case *Three-C Body Shops, Inc. v. Nationwide Mut. Fire Ins. Co.*, 10th Dist. No. 16AP-748, 2017-Ohio-1462 (collectively referred to as "the *Nationwide* cases"). In the *Nationwide* cases, Three-C's customers sought to have their vehicles repaired after they were damaged in an accident. The vehicles

were insured by Nationwide Mutual Fire Insurance Company ("Nationwide") under policies that, as in the present case, required Nationwide to pay for any reasonable and necessary repairs to bring the vehicles to their pre-accident condition. Three-C and the customers entered into contracts, which Three-C forwarded to Nationwide, and Three-C repaired the vehicles. However, Nationwide only paid for a portion of the repair costs. In the two actions Three-C filed against Nationwide, Three-C asserted claims for breach of contract and unjust enrichment/quantum meruit. Pursuant to the unjust enrichment/quantum meruit claims, Three-C alleged that Nationwide knew the customers had brought the vehicles to Three-C for repair and authorized it to repair the vehicles to their pre-accident condition. Three-C claimed these repairs conferred a benefit upon Nationwide because it fulfilled Nationwide's obligation to its insureds to restore and insure the vehicles, the insurer retained this benefit, and that this was unjust without full payment to Three-C. The trial court granted Nationwide's motion for judgment on the pleadings under Civ.R. 12(C). As pertinent to the present case, with regard to the unjust enrichment/quantum meruit claims, the trial court found that the repairs were for the sole benefit of the customers, not Nationwide. On appeal, this court found that Three-C had not conferred a benefit on Nationwide by performing repair work that restored the customers' vehicles to their pre-accident condition. We reasoned that Three-C performed no work for Nationwide and the vehicle repairs conferred a benefit only on its customers. We acknowledged that the repair work may have had the collateral effect of restoring the customers' vehicles to their pre-accident condition, but the connection between Three-C and Nationwide was too indirect to constitute a "benefit conferred" for purposes of a common law claim of unjust enrichment. We concluded that, because Three-C's claim failed to describe a benefit it conferred on Nationwide to support its unjust enrichment/quantum meruit claims, the trial court did not err when granting judgment in Nationwide's favor on the claims.

{¶ 13} Under the legal doctrine of stare decisis, courts follow controlling precedent, thereby creating stability and predictability in our legal system. *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 120 Ohio St.3d 386, 2008-Ohio-6254, ¶ 38. Courts adhere to stare decisis as a means of thwarting the arbitrary administration of justice as well as providing a clear rule of law by which the citizenry can organize their affairs. *Westfield Ins. Co. v.*

*Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, ¶ 43, citing *Rocky River v. State Emp. Relations Bd.*, 43 Ohio St.3d 1, 4-5 (1989). The doctrine is of fundamental importance to the rule of law. *Id.* at ¶ 44. This court is bound by the doctrine of stare decisis and must follow our own court's precedent. *Watson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-606, 2012-Ohio-1017, ¶ 16. We will not depart from the doctrine of stare decisis without special justification. *See State ex rel. N. Broadway St. Assn. v. Columbus*, 10th Dist. No. 13AP-963, 2014-Ohio-2196, ¶ 19, citing *Westfield Ins. Co.* (any departure from the doctrine of stare decisis demands special justification).

{¶ 14} In the present case, Three-C gives us no compelling reason to depart from our precedent in the *Nationwide* cases. Although Three-C argues that the benefit to Liberty is that Three-C satisfied Liberty's contractual obligations to restore the vehicles to their pre-accident condition, any effect upon Liberty's contractual duties was merely an incidental consequence of Three-C's agreements with its customers to repair their vehicles. Three-C did not repair the vehicles to satisfy Liberty's contracts but to satisfy its own contracts with the vehicle owners. Three-C's argument that it is inequitable for the customers to be forced to pay the "short pay" amount does not equate with it being Three-C's right in this case to litigate that issue. We note Liberty is the insurance carrier for the tortfeasor, not the customer. The assignment of contractual rights is not before us.

{¶ 15} Any contractual dispute between the customer and the responsible insurer over payment based upon what repairs and costs are reasonable and necessary is between those two parties. Although the customers may not be as financially capable as Three-C to engage in litigation with the responsible insurance company, that does not mean Three-C should be equitably granted a forum to litigate the issue in the customers' stead.

{¶ 16} The only specific criticism of our decision in the *Nationwide* cases that Three-C advances is that our reliance on *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 2005-Ohio-4985, was misplaced. In *Johnson*, the plaintiff, Johnson, purchased a computer from a retailer containing an operating system produced, developed, and licensed by the defendant, Microsoft. As pertinent here, the court of appeals held Johnson lacked standing to bring an unjust enrichment claim because she never conferred any direct benefit upon Microsoft. The Supreme Court of Ohio agreed. The court first noted that an indirect purchaser cannot assert a claim for unjust enrichment against a defendant without

establishing a benefit had been conferred upon that defendant by the purchaser. The court found the facts in *Johnson* demonstrated no economic transaction occurred between Johnson and Microsoft and, therefore, Johnson could not establish that Microsoft retained any benefit to which it was not justly entitled.

{¶ 17} Three-C contends *Johnson* is inapposite to the facts in this case. Here, Three-C asserts, it is a seller whose services were purchased by Liberty on behalf of the insureds/customers, Liberty paid directly to Three-C a portion of each of Three-C's invoices, the short pays were created because Liberty did not pay the entire bill, and Liberty chose for which services and how much to pay. Three-C maintains it conferred a direct benefit on Liberty, as Three-C's repair enabled Liberty to satisfy and discharge its legal duty to its insured. However, we disagree with Three-C. As in *Johnson*, the claimed benefit conferred onto Liberty—satisfaction of its contractual duty to the insured—was too indirect. Liberty was not a party to the transaction between Three-C and its customers, therefore, Three-C cannot establish that Liberty retained any benefit to which it was not justly entitled. The only ones who received a direct benefit were Three-C's customers whose vehicles were repaired.

{¶ 18} For these reasons, even when construing the complaint in a light most favorable to Three-C, presuming all factual allegations in the complaint are true, and making all reasonable inferences in favor of the plaintiff, it appears, beyond doubt, that Three-C can prove no set of facts entitling it to relief. Three-C cannot show that it conferred a benefit upon Liberty when it repaired its customers' vehicles. Therefore, we find the trial court did not err when it granted Liberty's motion to dismiss pursuant to Civ.R. 12(B)(6), and we overrule Three-C's assignment of error.

{¶ 19} Accordingly, we overrule Three-C's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, P.J., and KLATT, J., concur.

_____